In the

# United States Court of Appeals
### For the Seventh Circuit

---

Nos. 01-3929 & 01-3930

UNITED STATES OF AMERICA,

*Plaintiff-Appellant,*
*Cross-Appellee,*

*v.*

MARTIN DE LA TORRE,

*Defendant-Appellee,*
*Cross-Appellant.*

---

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 98 CR 898-1—**David H. Coar**, *Judge.*

---

ARGUED DECEMBER 4, 2002—DECIDED MAY 1, 2003

---

Before FLAUM, *Chief Judge,* and COFFEY and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* Martin De la Torre pled guilty to various drug and money laundering counts in connection with his participation in a marijuana distribution ring. Originally sentenced to 151 months' imprisonment, De la Torre asked the court to reconsider his sentence in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The district court granted the motion, determined that *Apprendi* mandated a reduction in De la Torre's sentence, and sentenced him to concurrent sentences of 60 months on the

drug counts and 71 months on the money laundering counts. The government appeals, arguing that the resentencing motion was untimely and that the new sentence is based on an erroneous application of the Sentencing Guidelines. De la Torre cross-appeals, challenging the district court's application of a firearm enhancement and rejection of his downward adjustment request. Although we find that De la Torre's motion to reconsider the sentence was timely, we conclude that the district court did not properly apply the Guidelines in imposing sentence on the money laundering counts. Therefore, we vacate De la Torre's sentence and remand for resentencing.

## I. BACKGROUND

Martin De la Torre was charged in a 29-count indictment with distributing 35 pounds of marijuana and conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846, as well as money laundering and conspiracy to conduct money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(I) and 1956(h). De la Torre pled guilty to the charges, and was orally sentenced on February 2, 2001.

During that sentencing hearing, the district court found, by a preponderance of the evidence, that the drug conspiracy involved over 1000 kg of marijuana, which qualified De la Torre for a base offense level of 32 on the drug crimes. This was increased to 34 because De la Torre possessed a firearm as part of the conspiracy. De la Torre's money laundering convictions had a base offense level of 20, which was increased to 26 since the money was proceeds of narcotics distribution and exceeded $350,000. The drug and money laundering crimes were grouped without objection and the total offense level for the group was set at 34, the highest offense level of the counts in the group. With a Level I criminal history category and group offense

level of 34, the district court found the sentencing range for De la Torre's "total punishment" to be 151-188 months' imprisonment. The court orally sentenced De la Torre to concurrent sentences of 151 months on the drug conspiracy and money laundering charges, and 60 months on the marijuana distribution charge.

Two months later, on April 10, 2001, before the final judgment order reflecting the oral sentence was entered in the docket, De la Torre filed a Rule 35(c)[1] motion to reconsider his sentence citing *Apprendi*. The district court agreed to reconsider the sentence. At resentencing, De la Torre and the government agreed that because he pled guilty to distributing only 35 pounds of marijuana, *Apprendi* limited his sentence on the drug conspiracy count to the statutory maximum for that quantity, which is 60 months' imprisonment. However, De la Torre argued that because the statutory maximum sentence on the drug conspiracy count would then be lower than the sentence on the money laundering counts (240 months), the offense level for the money laundering counts should determine the offense level for the group when calculating and imposing the "total punishment." Under this theory, the 63-78 months sentencing range that corresponds to the money laundering offense level of 26 was the maximum sentence that could be imposed. The district court agreed, and on September 24, 2001, orally sentenced De la Torre to concurrent sentences of 60 months on the drug conspiracy count and 71 months on the money laundering counts. The final judgment order imposing this new sentence was entered on January 31, 2002.

---

[1] Rule 35 was amended in 2002 as part of the general restyling and revision of the Federal Rules of Criminal Procedure. Under the 2002 amendments, former Rule 35(c) is now Rule 35(a). *See* Fed. R. Crim. P. 35(c) Advisory Committee's Note (2002 Amendments). For the purposes of our analysis, we will refer to the section as Rule 35(c).

Both the government and De la Torre appeal. The government asserts that the motion to reconsider was filed too late and that the calculation of a new sentence was erroneous. De la Torre argues that the district court erred in applying various enhancements to his sentence.[2] We address these issues in turn.

## II.  ANALYSIS

### A.  The Timeliness of the Rule 35(c) Motion

The government objects to the district court's decision to grant De la Torre's Rule 35(c) motion to reconsider the sentence, arguing that the motion was not timely because it was filed on April 10, 2001, more than seven days after the February 2, 2001 oral sentence. We review de novo the question of whether the district court had jurisdiction under the rule to grant De la Torre's request for relief. *United States v. Wisch*, 275 F.3d 620, 626 (7th Cir. 2001).

Rule 35(c) provides that the district court, "acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(c); *Wisch*, 275 F.3d at 624; *United States v. Clay*, 37 F.3d 338, 340 (7th Cir. 1994). We have previously held that the seven-day period for filing a Rule 35(c) motion begins to run from the date the judgment is entered in the docket, rather than the date the sentence is orally pronounced. *Clay*, 37 F.3d at 340; *see also United States v. Turner*, 998

---

[2]  De la Torre has not challenged the 60-month sentence on the marijuana distribution charge.

F.2d 534, 536 (7th Cir. 1993); *cf. Wisch*, 275 F.3d at 624.[3] The Advisory Committee Notes accompanying Rule 35(c) indicate that the rule is intended to empower sentencing courts to correct clearly erroneous sentences within 7 days of the formal entry of judgment. *See* Fed. R. Crim. P. 35(c) Advisory Committee's Note (1991 Amendments). This codified then-existing case law which provided that sentencing courts retain the power to correct clearly erroneous sentences within the time period for filing an appeal. *See id.* Because the time for filing an appeal does not begin to run until judgment is entered in the docket, *see* Fed. R. App. P. 4(b), and because *Clay* and *Turner* are consistent with the Advisory Committee's Notes regarding Rule 35(c), we will adhere to our earlier holdings.

---

[3] Other circuits hold that the date the sentence is orally pronounced controls. *See, e.g.*, *United States v. Morrison*, 204 F.3d 1091, 1093 (11th Cir. 2000); *United States v. Aguirre*, 214 F.3d 1122, 1125-26 (9th Cir. 2000); *United States v. Gonzalez*, 163 F.3d 255, 264 (5th Cir. 1998); *United States v. Layman*, 116 F.3d 105, 108 (4th Cir. 1997); *United States v. Abreu-Cabrera*, 64 F.3d 67, 73 (2d Cir. 1995); *United States v. Townsend*, 33 F.3d 1230, 1231 (10th Cir. 1994); *but see United States v. Morillo*, 8 F.3d 864, 869 n.8 (1st Cir. 1993) (entry of judgment controls); *cf.* Andrew P. Rittenberg, Comment, *"Imposing" A Sentence Under Rule 35(c)*, 65 U. CHI. L. REV. 285 (1998) (collecting cases).

The government relies on *United States v. Krilich*, 257 F.3d 689 (7th Cir. 2001), to support its position that the seven-day window begins to run on the date the sentence was orally imposed. However, as the government acknowledges, *Krilich* merely stated in dicta that the district court's resentencing hearing was unauthorized because it was ten months after the sentence had been originally (and orally) imposed. Furthermore, *Krilich* did not address our earlier decisions in *Clay* and *Turner* and was not circulated pursuant to Circuit Rule 40(e), which would have indicated an intent to overrule Circuit precedent.

Here, De la Torre was orally sentenced on February 2, 2001, but a final judgment order was not entered in the docket before he filed his April 10, 2001, motion to reconsider. Therefore, we conclude that his motion to reconsider the sentence was not time-barred.

B.  Imposing the "Total Punishment" on Multiple Convictions

The government challenges De la Torre's new sentence on the grounds that it is an incorrect application of §§ 5G1.1 and 5G1.2 of the Sentencing Guidelines, which detail how sentences are imposed when there are multiple counts of conviction. We review a district court's interpretations of the Guidelines de novo. *United States v. Noble*, 299 F.3d 907, 909 (7th Cir. 2002); *United States v. Taylor*, 72 F.3d 533, 542 (7th Cir. 1995).

The Guidelines provide the general application principles for determining a defendant's "total punishment." *See* U.S.S.G. § 1B1.1 (2000). Under the Guidelines, the court determines the base offense level and "appl[ies] any appropriate specific offense characteristic . . . or special instruction" for each separate count of conviction. *Id.* § 1B1.1(a)-(d). If there are multiple counts of conviction, the court uses the grouping provisions of Chapter 3 to group the various counts and determine the offense level that applies to the group. *Id.* § 1B1.1(d). The court uses the group offense level, along with the defendant's criminal history category, to determine the guideline range for the "total punishment." *Id.* § 1B1.1(g).

The district court properly followed the Guideline procedures up to this point when it originally sentenced De la Torre. However, the district court erred at both the sentencing and resentencing hearings in applying §§ 5G1.1 and 5G1.2 to impose sentences on the individual counts of conviction.

The Guidelines provide that once the "total punishment" has been determined, the court must follow the implementation provisions in Part G of Chapter 5 to determine the sentences for each count of conviction. *See id.* § 1B.1(h); *United States v. Griffith*, 85 F.3d 284, 289 (7th Cir. 1996). Section 5G1.1 addresses sentencing for single counts of conviction,[4] and § 5G1.2 addresses sentencing for multiple counts of conviction.[5] The government argues

---

[4] Section 5G1.1 provides that for sentencing on a single count of conviction,

(a) Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence.

(b) Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.

(c) In any other case, the sentence may be imposed at any point within the applicable guideline range, provided that the sentence—

   (1) is not greater than the statutorily authorized maximum sentence, and

   (2) is not less than any statutorily required minimum sentence.

U.S.S.G. § 5G1.1.

[5] Section 5G1.2 provides that for sentencing on multiple counts of conviction,

(a) The sentence to be imposed on a count for which the statute (1) specifies a term of imprisonment to be imposed; and (2) requires that such term of imprisonment be imposed to run consecutively to any other term of imprisonment shall be determined by that statute and imposed independently.

(continued...)

that § 5G1.1 applies *only* when there has been a single count of conviction, and that § 5G1.2 controls *exclusively* when there are multiple counts of conviction. We agree with the government that § 5G1.2 is the proper starting point, given De la Torre's conviction on multiple counts, but we disagree that § 5G1.2 controls exclusively because § 5G1.2(b) refers to and incorporates § 5G1.1 in its analysis. *See Griffith*, 85 F.3d at 289. Because § 5G1.2(b) provides that "*[e]xcept as otherwise required by law (see § 5G1.1(a), (b))*, the sentence imposed on each other count shall be the total punishment," we must look to § 5G1.1 to determine if and how it applies to De la Torre's convictions.

Section 5G1.1(a) provides that, for a given count of conviction, "[w]here the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(a); *Griffith*, 85 F.3d at 289. The applicable guideline range for De la Torre's total punishment is 151-188 months' imprisonment since his group offense level was 34. Because the statutorily authorized maximums for the drug conspiracy count is 60 months' imprisonment (due

---

[5] (...continued)

    (b) Except as otherwise required by law (see §5G1.1(a), (b)), the sentence imposed on each other count shall be the total punishment as determined in accordance with [the grouping provisions in] Part D of Chapter Three, and [the imprisonment provisions in] Part C of this Chapter.

    (c)  If the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences on all counts shall run concurrently, except to the extent otherwise required by law.

U.S.S.G. § 5G1.2.

to *Apprendi*), and 240 months' imprisonment for the money laundering crimes, § 5G1.1(a) applies only to the drug conspiracy conviction. Therefore, under § 5G1.1(a), the statutorily authorized maximum sentence of 60 months' imprisonment is the guideline sentence for the drug conspiracy conviction. U.S.S.G. § 5G1.1(a); *Griffith*, 85 F.3d at 289.

That does not end the sentencing process, however, because § 5G1.1 does not apply to De la Torre's money laundering convictions. To determine the sentence on those counts, § 5G1.2(b) dictates that "the sentence imposed on each other count [not governed by § 5G1.1(a), (b)] *shall be the total punishment*." U.S.S.G. § 5G1.2(b) (emphasis added); *Griffith*, 85 F.3d at 289. Because the sentence on the money laundering counts "shall be the total punishment," the district court did not err when it originally sentenced De la Torre to 151 months on the money laundering counts. *Id.* at 289. With these as the counts in the group with the highest statutory maximum term of imprisonment (due to *Apprendi's* effect on the drug conspiracy conviction), and with a 151-month sentence on these counts "adequate to achieve the total punishment," the district properly ordered the sentences to run concurrently. *See* U.S.S.G. § 5G1.2(c); *Griffith*, 85 F.3d at 289.

In *United States v. Griffith*, 85 F.3d 284 (7th Cir. 1996), the defendant was convicted of RICO and money laundering violations, sentenced to the statutory maximum of 60 months on each of the money laundering counts (which was less than the "total punishment" as determined for his offense level), and sentenced to the "total punishment" on the RICO counts. *Id.* at 288-89. Griffith argued that, since the offense level which dictated his total punishment originated with the money laundering guideline, he was, in effect, being subjected to a sentence for money laundering in excess of the statutory maximum for that crime, even though the sentence was technically imposed on the RICO counts. *Id.* at 289. We rejected this argument,

"[though] seemingly plausible, [a]s fallacious. Griffith was not convicted solely of money laundering. The sentence imposed upon him, while it corresponds to the base offense level for the money laundering count, is imposed as a total punishment for all of his criminal conduct." *Id.*

De la Torre makes a similar argument in this case—the only difference being that the statutory maximum sentence on his drug conspiracy count was limited because of *Apprendi*. While we acknowledge that *Griffith* preceded *Apprendi* by several years, *Apprendi* does not change the outcome for De la Torre because it does not affect the Guideline calculations that determine the "total punishment" or total sentence of imprisonment. *See United States v. Knox*, 301 F.3d 616, 620 (7th Cir. 2002); *United States v. Behrman*, 235 F.3d 1049, 1054 (7th Cir. 2000); *Talbott v. Indiana*, 226 F.3d 866, 869 (7th Cir. 2000); *Hernandez v. United States*, 226 F.3d 839, 841-42 (7th Cir. 2000).

Contrary to De la Torre's belief, *Apprendi* does not preclude the district court from using its finding (by a preponderance of the evidence) that the conspiracy involved quantities of marijuana in excess of 1000 kilograms[6] to set the base offense level on his drug convictions, and thus the offense level and "total punishment" that applies to the group.[7] This information may be used "'so long as the sentence actually imposed on the drug conspiracy

---

[6] Because there was substantial evidence in the record to support this finding, this finding was not clearly erroneous. *United States v. Noble*, 299 F.3d 907, 910-11 (7th Cir. 2001).

[7] Grouping multiple counts merely affects the offense level used in establishing a guideline range and cannot change a statutory penalty. *See Knox*, 301 F.3d at 620; *United States v. Parolin*, 239 F.3d 922, 930 (7th Cir. 2001); *United States v. Feola*, 275 F.3d 216, 219-20 (2d Cir. 2001). "The basic philosophy of the grouping provision is to assign sentences based on the harm inflicted, rather than on the way in which the prosecutor framed the indictment." *Griffith*, 85 F.3d at 288.

does not exceed the statutory maximum *for that crime.*'" *United States v. Twaine Jones*, 248 F.3d 671, 676-77 (7th Cir. 2001) (quoting *United States v. Torrey Jones*, 245 F.3d 645, 651 (7th Cir. 2001), and citing *Talbott v. Indiana*, 226 F.3d 866, 869 (7th Cir. 2000)).

De la Torre's "total punishment," while it originates with the base offense level for the drug crimes, is imposed as total punishment for all of his criminal conduct. *See Griffith*, 85 F.3d at 289. So long as he is not sentenced beyond the statutory maximum sentence on his drug conviction, *Apprendi* is not violated. As in *Griffith*, "[t]he Guidelines leave no doubt as to the correctness of this interpretation of the multiple-count sentencing provisions. The Commentary to § 5G1.2 (which is, of course, binding on the federal courts) reiterates that '[t]o the extent possible, the total punishment is to be imposed on each count.'" *Griffith*, 85 F.3d at 289 (quoting U.S.S.G. § 5G1.2 cmt. (1995)).

For the reasons outlined above, we find that the district court's original sentence properly followed the Guidelines' application procedures in determining the sentencing range for the "total punishment." The court's only error was imposing a 151-month sentence on the drug conspiracy count, in contravention of *Apprendi*. Because the district court may have incorrectly believed that *Apprendi* mandated a shorter sentence on the money laundering counts, we vacate De la Torre's sentence on these counts and remand for the district court to reimpose the original 151-month sentences.

C.  De la Torre's Challenges to the District Court's Factual Findings

De La Torre challenges the district court's application of the Guidelines, but does so in a perfunctory manner

without citing any legal authority. Therefore, we comment briefly on the merits of his arguments.

De la Torre argues that the district court erred in finding a two-level increase for possession of a firearm in connection with the drug offenses. Because the district court relied on testimony that (1) De la Torre was seen with a firearm during at least one drug buy, (2) that firearms were used to protect the conspiracy's drug operations, and (3) that several other firearms were found during the search of De la Torre's home, this finding was not clearly erroneous. *See United States v. Willis*, 300 F.3d 803, 806 (7th Cir. 2002). De la Torre also contends that he should have received a two-point downward adjustment to his money laundering offense level because he played only a minor role in the conspiracy. But the district court did not find De la Torre's testimony about his role in the conspiracy credible (it was refuted by other testimony), and there was evidence that he completed 27 different wire transfers to launder the proceeds of the drug conspiracy. Therefore, it was not clear error for the district court to deny his request for a downward adjustment. *See United States v. Mojica*, 185 F.3d 780, 791 (7th Cir. 1999).

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM the firearm enhancement to De la Torre's base offense level on the drug convictions and the district court's denial of De la Torre's request for a downward adjustment for a minor role in the money laundering conspiracy, but we VACATE his sentence on the money laundering counts and REMAND for resentencing consistent with this opinion.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*