Robert MEEKS, Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 03–2833.

United States Court of Appeals,
Seventh Circuit.

Submitted June 17, 2004.*

Decided June 17, 2004.

Robert Meeks, Pekin, IL, pro se.

Brandon Fox, Office of the United States Attorney, Chicago, IL, for Respondent–Appellee.

Before Hon. DIANE P. WOOD, Hon. TERENCE T. EVANS, and Hon. ANN CLAIRE WILLIAMS, Circuit Judges.

ORDER

Robert Meeks appeals the denial of his motion for relief under 28 U.S.C. § 2255. Because we agree with the district court that Meeks made no showing that his lawyers were deficient, we affirm.

Meeks is before us for the third time. In 1997 a jury determined that he was involved in a scheme to rob drug dealers of cash and drugs. Meeks, a civilian, identified the drug dealers and set up drug transactions; his co-defendants, all members of the Chicago Police Department, arrived at the pre-arranged meetings and robbed the drug dealers instead of placing them under arrest. After a joint trial, Meeks was convicted and sentenced to a

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

total of 435 months' imprisonment: Meeks received four, concurrent terms of 135 months for twice attempting to commit a Hobbs Act robbery, 18 U.S.C. § 1951, and for twice distributing heroin, 21 U.S.C. § 841(a)(1) (Counts One through Four); he received 120 months, to be served concurrently to the 135–month terms, for conspiring to deprive others of civil rights under color of law, 18 U.S.C. § 241 (Count Five); and he received terms of 60 and 240 months, to be served consecutively to each other and to the 135–month terms, for using a firearm during both attempted robberies, 18 U.S.C. § 924(c) (Counts Six and Seven).

Meeks appealed, and we affirmed his convictions. *See United States v. Meachum,* 1999 WL 511431 (7th Cir. July 15, 1999) (unpublished order). We ordered a limited remand, however, directing the district court to confirm that in calculating Meeks's guildeline range it had not used information about the robbery of Hakeem Kudaisi, which a contractual immunity agreement made off-limits. *Id.* at *6. On remand the district court stated that indeed it had excluded the prohibited information and thus sustained its original sentencing scheme. Meeks appealed again, and this time we affirmed his sentence. *United States v. Meeks,* 2000 WL 748116 (7th Cir. June 1, 2000) (unpublished order). We noted that on remand the district court "did exactly as instructed." *Id.* at *1. Meeks then moved for relief under 28 U.S.C. § 2255, arguing as relevant here that his lawyers rendered ineffective assistance by: (1) not moving to sever his trial from his co-defendants'; (2) not objecting at sentencing to the terms of imprisonment imposed; and (3) conceding on appeal following the remand that the district court's sentencing calculations were correct. The district court concluded that counsel's performance was not deficient and denied relief, but went on to grant a certificate of appealability.

On the severance issue, the court correctly reasoned that because in Meeks's first appeal we approved the decision to try all four defendants together, *see Meachum,* 1999 WL 511431 at *1, counsel could not have been ineffective in failing to obtain a severance. *See Olmstead v. United States,* 55 F.3d 316, 319 (7th Cir.1995) ("in the absence of changed circumstances of fact or law, we will not reconsider an issue which was already decided on direct appeal").

On the sentencing issues the district court concluded that Meeks could not establish ineffective assistance because we had approved the sentencing calculations in the second appeal. But in that appeal, we expressly noted that Meeks "[did] not contend that the district judge erred in calculating his sentencing range." *Meeks,* 2000 WL 748116 at *1. Indeed, the decision to forego any such challenge is the basis of Meeks's third complaint about the performance of his attorneys. Nevertheless, the district court was right that Meeks has no viable claim that he received ineffective assistance because his sentencing arguments are simply incorrect. In sentencing Meeks the district court grouped together closely-related counts, U.S.S.G. § 3D1.1, and concluded that Meeks's combined offense level was 31, *id.* § 3D1.4. As we held in Meeks's second appeal, the district court reached that calculation without considering any counts related to the Kudaisi robbery. *See Meeks,* 2000 WL 748116 at *1. With a criminal history category of III, Meeks's imprisonment range was between 135 and 168 months. The district court sentenced Meeks to 135 months' imprisonment on Counts One through Four, to be served concurrently. U.S.S.G. § 5G1.2(b), (c); *see United States v. De la Torre,* 327 F.3d 605, 609–10 (7th Cir.2003). Because Count Five carried a statutory maximum of ten

years imprisonment, 18 U.S.C. § 241, the district court clarified that on that count Meeks's sentence had to be capped at 120 months' imprisonment, to be served concurrent with the 135–month sentence. U.S.S.G. § 5G1.2(b); *see* § 5G1.1(a); *De la Torre*, 327 F.3d at 609–10. Since the district court applied the guidelines correctly, Meeks's lawyers could not have been deficient in failing to object either at sentencing or on appeal to the sentencing scheme, and his claim of ineffective assistance must fail. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Reeves v. United States*, 255 F.3d 389, 393 (7th Cir.2001).

AFFIRMED.