# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 03-3513

UNITED STATES OF AMERICA,

*Plaintiff-Appellant,*

*v.*

JAVIER GARCIA-LOPEZ, a/k/a Noel Garcia,
a/k/a Noel Pedraza Garcia,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 02 CR 255—**Rudolph T. Randa**, *Chief Judge.*

ARGUED FEBRUARY 17, 2004—DECIDED JULY 12, 2004

Before RIPPLE, KANNE, and WILLIAMS, *Circuit Judges.*

KANNE, *Circuit Judge.* Javier Garcia-Lopez was indicted
and pled guilty to a violation of 8 U.S.C. § 1326(a) and (b)
for illegal reentry into the United States following his pre-
vious deportation and removal. Based upon a 1996 armed
robbery conviction, which led to Garcia-Lopez's 1999 de-
portation, the pre-sentence investigation report recom-
mended a sixteen-level sentencing increase under U.S.S.G.
§ 2L1.2(b)(1)(A)(ii) (2003). However, prior to the sentencing
hearing, Garcia-Lopez obtained a judicial order vacating his
1996 conviction because of the state court's failure to inform

Garcia-Lopez during his plea colloquy of the possible immigration consequences stemming from a guilty plea, in violation of state law, *see* Wis. Stat. § 971.08(2) (1996). Consequently, at Garcia-Lopez's August 21, 2003 sentencing hearing for his illegal reentry conviction, the district court found that because the 1996 conviction had been vacated, it could not serve as the basis for an enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). The defendant was sentenced to thirty-seven months imprisonment, three years supervised release, and $1100 in fines and special assessments. The government appealed and for the following reasons, we vacate and remand for resentencing.

## I. Analysis

A district court's interpretations of the sentencing guidelines are reviewed de novo. *United States v. De la Torre*, 327 F.3d 605, 609 (7th Cir. 2003). Under U.S.S.G. § 2L1.2(b)(1)(A)(ii), a sixteen-level increase applies in alien-reentry cases "[i]f the defendant previously was deported . . . after . . . a conviction for a felony that is . . . a crime of violence." Garcia-Lopez does not assert that armed robbery is not a "crime of violence." Thus, we need only address whether the sixteen-level enhancement applies when the underlying felony conviction was vacated on technical grounds after deportation but prior to a defendant's sentencing for the illegal reentry in violation of 8 U.S.C. § 1326 (a) and (b). Because both the plain language of the guideline text and its underlying justification support its application to Garcia-Lopez, we determine that the sixteen-level enhancement should have been applied to the defendant.

First, the plain language of U.S.S.G. § 2L1.2(b)(1)(A)(ii) counsels in favor of its applicability. "When interpreting a provision of the sentencing guidelines, a court must begin with the text of the provision and the plain meaning of

the words in the text." *United States v. Turchen*, 187 F.3d 735, 739 (7th Cir. 1999). The plain language of section 2L1.2(b)(1)(A)(ii) indicates that the appropriate inquiry is whether the defendant had been convicted of a crime of violence *at the time of deportation*. Nothing in the guideline suggests that the analysis should consider whether the conviction has been vacated subsequent to the deportation but prior to the sentencing for the reentry offense. *See United States v. Luna-Diaz*, 222 F.3d 1, 4 (1st Cir. 2000) ("The guideline speaks of time, not possession or status. . . . The guideline . . . is in the past tense, which suggests that the present status of the aggravated felony conviction is irrelevant. It is impossible to alter the historical fact that the defendant was convicted, and then deported."); *United States v. Cisneros-Cabrera*, 110 F.3d 746, 748 (10th Cir. 1997). Despite the 2003 vacatur of Garcia-Lopez's 1996 armed robbery conviction, it is still the case that, at the time of his deportation in 1999, he had been convicted of an aggravated felony. Therefore, the sixteen-level enhancement under section 2L1.2(b)(1)(A)(ii) applies to Garcia-Lopez's conviction for violation of 8 U.S.C. § 1326 (a) and (b). *See Luna-Diaz*, 222 F.3d at 4 (applying the § 2L1.2(b)(1)(A)(ii) enhancement in nearly identical circumstances).

Furthermore, we find that the district court should not have relied upon U.S.S.G. § 4A1.2's definition of "conviction of offense" to assess whether Garcia-Lopez's vacated conviction could serve as the basis for an enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). According to the commentary accompanying section 4A1.2, "[s]entences resulting from convictions that (A) have been reversed or vacated because of errors of law or because of subsequently discovered evidence exonerating the defendant, or (B) have been ruled constitutionally invalid in a prior case are not to be counted." U.S.S.G. § 4A1.2, cmt. app. note 6. While section 4A1.2 may be informative, definitions appearing

in particular sections of the guidelines "are not designed for general applicability; therefore, their applicability to sections other than those expressly referenced must be determined on a *case by case basis*." U.S.S.G. § 1B1.1, cmt. app. note 2 (emphasis added). As we emphasize below, the vacatur of Garcia-Lopez's conviction was based upon a technicality, not because of an error of law, subsequently discovered evidence, or constitutional defect. Therefore, application of section 4A1.2 is not warranted in this case— a conclusion also supported by the clarity of section 2L1.2(b)(1)(A)(ii)'s text on its face and its underlying purpose, *see infra.*

Moreover, while section 2L1.2 nowhere explicitly incorporates the exclusion under section 4A1.2, at least two other guidelines do, including section 4B1.2 Application Note 3 and section 2K2.1 Application Note 15. If the Sentencing Commission wanted to ensure that vacated convictions were not the basis for enhancements under section 2L1.2(b)(1)(A)(ii), section 4A1.2 could have been expressly referenced therein.[1] That no such reference is included in the guideline strongly indicates that, in general,

---

[1] In fact, at the time of Garcia-Lopez's sentencing in 2003, Application Note 1(A)(iv) explained that where the enhancement is keyed to the length of sentence which resulted from the prior qualifying conviction, *e.g.*, § 2L1.2(b)(1)(A)(i) ("a drug trafficking offense for which the sentence imposed exceeded 13 months"), "[i]f all or any part of a sentence of imprisonment was probated, suspended, deferred, or stayed, 'sentence imposed' refers only to the portion that *was not* probated, suspended, deferred, or stayed." U.S.S.G. § 2L1.2, cmt. app. note 1(A)(iv) (emphasis added). But the commentary contained no corresponding directive with respect to the vacatur of convictions for crimes of violence under § 2L1.2(b)(1)(A)(ii). And interestingly, the 2003 amendments to the sentencing guidelines removed altogether the aforementioned explanation of the term "sentence imposed," perhaps indicating a reversal of the drafters' intent.

the Sentencing Commission did not intend to place convictions vacated post-deportation outside the umbrella of section 2L1.2(b)(1)(A)(ii), particularly those vacaturs based upon a technicality of some sort. Absent a clear indication to the contrary, we decline to impute any such limitation.

Second, although the plain language of the guideline is abundantly clear and we need not look any further, we emphasize that where the vacatur of a defendant's prior conviction for a crime of violence was based upon technical grounds, application of section 2L1.2(b)(1)(A)(ii) is still nonetheless supported by the guideline's underlying purpose and would not "compel an odd result." *Public Citizen v. United States Dep't of Justice* 491 U.S. 440, 454 (1989). The section 2L1.2(b)(1) enhancement reflects a judgment by the Sentencing Commission that the illegal reentry of an individual previously deported following a conviction for certain crimes poses a greater risk to the general public's health, safety, and welfare than the illegal reentry of an alien otherwise deported. *See Almendarez-Torres v. United States*, 523 U.S. 224, 230 (1998) (discussing recidivism as the concern underlying 8 U.S.C. § 1326 and U.S.S.G. § 2L1.2(b)(1)). Here, this justification is not at all undercut simply because Garcia-Lopez's armed robbery conviction was vacated based upon a technical violation of state law which occurred during his plea colloquy.[2]

---

[2] Indeed, this case justifies the Commission's concerns: Garcia-Lopez was charged with illegal reentry after it was discovered sometime in 2002 that he was confined at the Kettle Moraine Correctional facility in Plymouth, Wisconsin, presumably the result of a conviction(s) for a violation(s) of a state law(s) occurring sometime after Garcia-Lopez illegally reentered the United States following his 1999 deportation (the record before us does not reveal the details about the defendant's most recent state conviction(s)).

However, and as the government wisely acknowledged in its brief to this court and at oral argument, if an otherwise qualifying conviction was vacated based upon a showing of actual innocence, the justification for the enhancement under section 2L1.2(b)(1) would no longer apply. *See*, *e.g.*, *United States v. Mejia*, 278 F. Supp. 2d 55, 61-63 (D. Mass. 2003) (rejecting the government's assertion that § 2L1.2(b)(1)(A)(i)'s eight-level enhancement applies where the qualifying conviction was vacated based upon insufficiency of the evidence). Furthermore, an enhancement based upon a prior conviction vacated as the result of a determination of innocence might also raise due process concerns, as might enhancements based upon egregious errors of law or constitutional defect. *Luna-Diaz*, 222 F.3d at 6, n.5. *But cf. Cisneros-Cabrera*, 110 F.3d at 748 (affirming enhancement under § 2L1.2(b)(2) based upon a drug trafficking conviction even though the conviction was vacated by the state court due to ineffective assistance of counsel). None of these concerns are implicated here, and we therefore refrain from prospectively determining the applicability of an enhancement under § 2L1.2(b)(1) in such circumstances.

## II.  Conclusion

For the foregoing reasons, we VACATE Garcia-Lopez's sentence and REMAND to the district court for resentencing in accordance with this opinion.

A true Copy:

    Teste:

                          _____

                          *Clerk of the United States Court of*
                            *Appeals for the Seventh Circuit*