

Villanova University School of Law

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-19-2008

# USA v. Lechuga

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2505

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Lechuga" (2008). *2008 Decisions.* Paper 1202.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1202

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 07-2505

———

UNITED STATES OF AMERICA

v.

JORGE AVILA LECHUGA
a/k/a VICTOR TWOMEY

Jorge Avila Lechuga,
Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 0314-1:06-cr-00141)
District Judge:  Hon. Sylvia H. Rambo

———

Argued May 8, 2008

Before:  SLOVITER, JORDAN and STAPLETON, Circuit Judges

(Filed: May 19, 2008)

———

James V. Wade
        Federal Public Defender
Frederick W. Ulrich (Argued)
        Assistant Federal Public Defender
Harrisburg, PA 17101

        Attorneys for Appellant

Thomas A. Marino
     United States Attorney
Theodore B. Smith, III (Argued)
     Assistant United States Attorney
James T. Clancy
Chief, Criminal Appeals
United States Attorney's Office
Harrisburg, PA 17108

     Attorneys for Appellee


OPINION


SLOVITER, Circuit Judge.

Jorge Avila Lechuga ("Lechuga") appeals the District Court's grant of the government's motion in limine seeking to exclude certain evidence at trial and the Court's application of a sixteen-level enhancement under section 2L1.2(b)(1)(A)(ii) of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines").

**I.**

Lechuga is a native and citizen of Mexico, who apparently entered the United States in or around 1975. On January 28, 1985, he was convicted in the Superior Court of California of sexual battery pursuant to Cal. Penal Code § 243.4. The state court sentenced Lechuga to two years in prison but suspended the sentence and imposed a three-year probationary period instead. Additionally, the court stated that "[a]t the end of the probationary period, assuming the defendant has no violations and has otherwise complied with the terms and conditions of probation, the court will reduce the charge to a

2

misdemeanor and the record will so reflect that this judge will. I can't speak for my successors." App. at 36. In 1988, a different Superior Court judge ordered Lechuga's probation to be continued on the same terms and conditions, and stated that "[t]he court takes the matter off calendar, no report having been received." App. at 39.

Lechuga had three additional encounters with the California court system before being removed from the United States on June 5, 1998. Lechuga subsequently re-entered the United States without permission in 2000. On March 27, 2006, Harrisburg City Police informed Immigration and Customs Enforcement ("ICE") officials that they had charged Lechuga with receiving stolen property. On April 12, 2006, a federal grand jury returned a one-count indictment charging Lechuga with illegally reentering the United States after having been deported, in violation of 8 U.S.C. § 1326(a) and (b)(2). Lechuga pled not guilty to the indictment.

Prior to his scheduled trial, the government filed a motion in limine to preclude Lechuga from introducing evidence at trial regarding the status of his prior conviction for sexual battery. Lechuga sought to introduce a September 13, 2006 nunc pro tunc order issued by yet a third California Superior Court judge granting Lechuga's motion to reduce his 1985 conviction from a felony to a misdemeanor.[1] Accordingly, the state court

---

[1] The nunc pro tunc order provides: "It appearing to the court that through inadvertence the minute order of January 28, 1985 . . . does not properly reflect the court's order, said minute order is amended nunc pro tunc as of that date . . . ." App. at 40.

3

deemed the offense to be a misdemeanor, deleted the suspended two-year state prison sentence, and added that "[i]mposition of sentence is suspended." App. at 40. Because Lechuga was also indicted under § 1326(b)(2), which increases the statutory maximum sentence from two to twenty years if the alien was previously removed subsequent to a conviction for an aggravated felony, Lechuga sought to introduce the nunc pro tunc order at trial to contest the existence of a prior felony conviction.

The District Court granted the government's motion in limine, concluding that the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), barred evidence at trial concerning the facts underlying a prior conviction. On January 16, 2007, Lechuga pled guilty to illegally reentering the United States as a previously deported alien, conditioned on his ability to appeal the District Court's grant of the government's motion in limine and on the understanding that his maximum punishment was either two or twenty years imprisonment.

At sentencing, Lechuga objected to the determination in the Pre-Sentence Report ("PSR") that a sixteen-level enhancement applied, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), because he was deported following a conviction of a felony that is a crime of violence. The District Court rejected Lechuga's objection to the enhancement and, on May 9, 2007, imposed a thirty-month sentence of imprisonment[2] followed by two

---

[2]   This sentence represented a downward variance, made pursuant to 18 U.S.C. § 3553(a), from the 37- to 46-months Guidelines range of imprisonment that would have otherwise

years supervised release.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We exercise plenary review over the District Court's interpretation of constitutional questions and the Guidelines, and we review the District Court's factual findings for clear error. United States v. Lennon, 372 F.3d 535, 538 (3d Cir. 2004).

A.      Motion in Limine

Lechuga was convicted under 8 U.S.C. § 1326, which prohibits an alien from reentering the United States after being deported. The maximum penalty for this conviction is two years in prison. See id. § 1326(a). The maximum penalty increases to twenty years in prison, however, if the defendant has previously been convicted of an aggravated felony. See id. § 1326(b)(2).[3] Lechuga argues that the District Court violated

applied.

[3] The relevant provisions of this statute provide:

(a) In general
Subject to subsection (b) of this section, any alien who–
    (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
    (2) enters, attempts to enter, or is at any time found in, the United States . . .
shall be fined under Title 18, or imprisoned not more than 2 years, or both.

5

his Fifth, Sixth and Fourteenth Amendment rights by precluding him from presenting evidence at trial regarding the status of his prior conviction. He maintains that the fact of an aggravated felony conviction must be proven to a jury beyond a reasonable doubt because that fact increases the statutory maximum.

This issue is controlled by Almendarez-Torres, 523 U.S. at 239-43, 247, where the Supreme Court held that a prior conviction that increases the statutory maximum for a reentry offense pursuant to § 1326(b)(2) is not an element of the offense and may be decided by the district court by a preponderance of the evidence. The Supreme Court again expressly exempted prior convictions from its holding in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), where it held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." See also United States v. Booker, 543 U.S. 220, 244 (2005).

We addressed the issue of prior convictions in United States v. Ordaz, 398 F.3d 236, 240 (3d. Cir. 2005), where we relied on Almendarez-Torres to hold that a defendant

---

(b) Criminal penalties for reentry of certain removed aliens
Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection– . . .
    (2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both.

8 U.S.C. § 1326(a), (b)(2).

6

has no constitutional right to a jury determination regarding the fact of a prior conviction. We noted "a tension between the spirit of Blakely [v. Washington, 542 U.S. 296 (2004),] and Booker that all facts that increase the sentence should be found by a jury and the Court's decision in Almendarez-Torres, which upholds sentences based on facts found by judges rather than juries." Id. at 241. Notwithstanding that tension, we concluded that "[t]he holding in Almendarez-Torres remains binding law, and nothing in Blakely or Booker holds otherwise." Id.

Lechuga's argument that Justice Thomas' concurrence in Shepard v. United States, 544 U.S. 13, 27-28 (2005), which was decided two weeks after our decision in Ordaz, erodes the precedential weight of Almendarez-Torres is mistaken. We have rejected an argument similar to that raised by the defendant, and held that although the various opinions in Shepard appear to agree that "the door is open for the Court one day to limit or overrule Almendarez-Torres . . . that day has not yet come, and we are well aware of the Supreme Court's admonition that [i]f a precedent of [the Supreme] Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to [the Supreme] Court the prerogative of overruling its own decisions." United States v. Coleman, 451 F.3d 154, 161 (3d Cir. 2006) (alterations in original) (citations and internal quotations omitted). We are therefore bound by Almendarez-Torres and hold that the District Court did not err in precluding Lechuga from presenting evidence at trial

7

regarding his prior conviction for sexual battery.

B.     Sentencing

Lechuga also argues that the District Court should not have applied the sixteen-level sentencing enhancement because his prior conviction for sexual battery does not constitute a felony offense under the Guidelines.  The California sexual battery statute under which Lechuga was convicted provides in relevant part:

> Any person who touches an intimate part of another person while that person is unlawfully restrained by the accused or an accomplice, and if the touching is against the will of the person touched and is for the purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of sexual battery.  A violation of this subdivision is punishable by imprisonment in a county jail for not more than one year, and by a fine not exceeding two thousand dollars ($2,000); or by imprisonment in the state prison for two, three, or four years, and by a fine not exceeding ten thousand dollars ($10,000).

Cal. Penal Code § 243.4(a).

The enhancement provision at issue in this case instructs a court to increase a defendant's base offense level by sixteen levels if the defendant was previously deported, or remained unlawfully in the United States, after a conviction for a felony that is a crime of violence.  See U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(ii) (2006).  The Guidelines define a felony as any "federal, state, or local offense punishable by imprisonment for a term exceeding one year."  Id. § 2L1.2 cmt. n.2.  The use of the word "punishable" makes clear that the definition of felony turns on the maximum sentence that could result from a conviction for that offense, "irrespective of the actual sentence

8

imposed." United States v. Hernandez-Garduno, 460 F.3d 1287, 1293 (10th Cir. 2006);

see also United States v. Murillo, 422 F.3d 1152, 1153-54, 1155 (9th Cir. 2005)

(continuing to hold, after Blakely, that "in determining whether a state conviction is

punishable for more than one year's imprisonment for purposes of a federal criminal

statute predicated on a prior felony conviction or for federal sentencing purposes, we look

to the maximum penalty allowed by statute"); United States v. Rivera-Perez, 322 F.3d

350, 352 (5th Cir. 2003) (holding that "a crime is a 'felony' for purposes of U.S.S.G. §

2L1.2(b)(1) . . . if, by the terms of the criminal statute, a conviction exposes a defendant

to a sentence of imprisonment of more than one year," regardless whether defendant was

sentenced to more than one year). Because Lechuga is currently being sentenced for a

federal offense under the Guidelines, federal law governs the definition of "felony." See

United States v. Moore, 420 F.3d 1218, 1223 n.5 (10th Cir. 2005) ("[W]hether a state

conviction counts as a predicate offense for a guidelines enhancement is a question of

federal law . . . .").

The sexual battery offense for which Lechuga was convicted has a maximum

sentence of four years in state prison. Cal. Penal Code § 243.4(a). Therefore, Lechuga

was convicted of an offense punishable by imprisonment for a term exceeding one year,

i.e., a felony. Cf. United States v. Dorsey, 174 F.3d 331, 332 (3d. Cir. 1999) (second

degree misdemeanor that is punishable by a prison term of more than one year is a felony

for purposes of U.S.S.G. § 4B1.1, which defines a felony as an offense punishable by a

9

term exceeding one year).  The fact that Lechuga's sentence was suspended or subsequently labeled as a misdemeanor has no bearing on whether the conviction was a felony for purposes of section 2L1.2(b)(1)(A)(ii).[4]  See United States v. Hernandez-Castillo, 449 F.3d 1127, 1130-31 (10th Cir. 2006) (defendant who received suspended sentence of 157 days in jail was convicted of felony because California law provided for sentence of up to three years imprisonment); cf. United States v. Garcia-Lopez, 375 F.3d 586, 588-89 (7th Cir. 2004) (inquiry is whether defendant was convicted of felony crime of violence at time of deportation; subsequent vacated conviction irrelevant unless vacated because of actual innocence or constitutional error).

---

[4]  In any event, it is clear from the state court record that Lechuga had pled guilty to a felony in 1985.  When the defense attorney attempted to categorize the offense as a misdemeanor, the prosecutor promptly called the court's attention to the felony status. That portion of the dialog was as follows:

> [District Attorney]: Excuse me.  This was a no immediate state prison which would mean that if he violates probation – this is felony 243.4.
>
> [Defense Attorney]: But also a lesser included misdemeanor, Your Honor.
>
> [District Attorney]: We did, however, indicate that it was being taken as a felony.
>
> THE COURT: All right.

App. at 35.  Although the two-year prison sentence was suspended, the record makes clear that Lechuga pled guilty to a felony.

10

Therefore, the District Court did not err in concluding that Lechuga's prior conviction was a felony crime of violence.[5]

### III.

For the above stated reasons, we will affirm the judgment of sentence.

---

[5] Lechuga does not dispute that his prior conviction for sexual battery is a "forcible sex offense," and therefore constitutes a "crime of violence" for purposes of section 2L1.2(b)(1)(A)(ii). See U.S. Sentencing Guidelines Manual § 2L1.2 cmt. n.1(B)(iii) (2006).