**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued September 9, 2009
Decided September 18, 2009

**Before**

JOEL M. FLAUM, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-4294

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee*, | District Court for the |
| | Western District of Wisconsin. |
| *v.* | |
| | No. 08 CR 23 |
| JAVIER ARMAS-CALVILLO, | |
| *Defendant-Appellant*. | Barbara B. Crabb, *Chief Judge*. |

**ORDER**

Javier Armas-Calvillo has been removed from the United States twice, and after serving his sentence for illegal reentry he'll have one more to add to his tally.  He was first forced to leave after serving a Wisconsin sentence for sexual assault.  He snuck back into the country, only to be removed again after being convicted in Wisconsin in 2007 for manufacturing and delivering marijuana.  Undeterred, he came back to Wisconsin a third time and was arrested again in 2008 on various drug charges.  Soon after this arrest he was indicted for unlawfully reentering the United States following an order of removal, 18 U.S.C. § 1326, an offense to which he pleaded guilty.

A defendant--like Armas-Calvillo--who was previously deported following a conviction for a felony drug-trafficking offense, faces a 12-level increase in his sentencing guidelines range. U.S.S.G. § 2L1.2(b)(1)(B). Relying on his 2007 drug convictions, the probation officer recommended imposing this guidelines hike. Armas-Calvillo objected, since shortly before sentencing (but well after his second removal from the United States) he managed to have the drug convictions vacated. It's not that Armas-Calvillo was innocent. Rather, he was not properly advised of the immigration consequences of his pleas as required under Wisconsin law. Wis. Stat. § 971.08(2). Noting that at the time of his removal he was a convicted drug trafficker, and relying on our opinion in *United States v. Garcia-Lopez*, 375 F.3d 586 (7th Cir. 2004), the district court rejected this argument and sentenced him to 30 months of imprisonment.

Armas-Calvillo renews this objection before us, but he cannot escape the holding in *Garcia-Lopez*. In that case, the defendant was deported following a Wisconsin armed robbery conviction before sneaking back into the United States. He also pleaded guilty to illegal reentry and faced a higher guidelines range due to his prior conviction. But--just like Armas-Calvillo--Garcia-Lopez obtained an order vacating his Wisconsin conviction after he had been deported but shortly before sentencing because he received no warning about the immigration conse- quences of his guilty plea. The district court declined to impose a sentencing increase based on the vacated conviction, and the government appealed. Noting that the plain language of the guidelines indicates that the appropriate inquiry is whether the defendant had been convicted of a crime "*at the time of deportation,*" we reversed. *Id.* at 588 (emphasis in original). Armas-Calvillo's case is on all fours with *Garcia-Lopez*. At the time of his removal, Armas-Calvillo was a convicted drug-trafficker. The vacation of those convictions, based on a minor procedural error, does nothing to change this fact.

Armas-Calvillo tries to escape this precedent by pointing to 8 U.S.C. § 1101(a)(48)(A), which defines a conviction as a formal judgment of guilt entered by a court. He argues that, since his convictions have been vacated and the presumption of innocence restored, he is no longer convicted, as defined by this statute. But this argument misses the point. The key to the sentencing increase is temporal--the plain language of the guidelines requires the court to assess whether the defendant was removed after a drug-trafficking conviction. When Armas-Calvillo was removed, he had two drug convictions--even as defined by 8 U.S.C. § 1101(a)(48)(A)--on the books. As we noted in *Garcia-Lopez*, this case might come out differently if the convictions were vacated upon a showing of actual innocence. 375 F.3d at 589. But those weighty concerns are not implicated here, and so we need not address them.

Armas-Calvillo also argues that the district court violated his Sixth Amendment rights when it, rather than the jury, found that he had prior convictions which were absent

from the indictment, exposing him to a higher sentence.  But the Supreme Court has rejected that argument, *Almendarez-Torres v. United States*, 523 U.S. 224, 244 (1998), and unless or until it changes course, we are bound by this precedent.  *See United States v. Stevens*, 453 F.3d 963, 967 (7th Cir. 2006).  Acknowledging the weight of *Almendarez-Torres*, Armas-Calvillo tries to distinguish his case by again noting that his drug convictions have been vacated. But we have already explained why that argument is unavailing, and mounting it again in this context only raises a distinction without a difference.  The district court was required to properly calculate Armas-Calvillo's sentencing range under the guidelines, *United States v. Rivera*, 463 F.3d 598, 602 (7th Cir. 2006), and considering the vacated convictions was appropriately included in its calculus.

Accordingly, the judgment of the district court is AFFIRMED.