In the

# United States Court of Appeals

## For the Seventh Circuit

No. 20-1124

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JEFFREY ESPOSITO,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
Case No. 1:18-CR-00109— **Jane E. Magnus-Stinson**, *Judge.*

ARGUED MAY 12, 2021 — DECIDED JUNE 11, 2021

Before FLAUM, HAMILTON, and BRENNAN, *Circuit Judges.*

BRENNAN, *Circuit Judge.* Jeffrey Esposito, convicted of multiple counts of sexually exploiting a child as well as of possessing child pornography, was sentenced to 200 years in prison. He appeals, arguing that the district erred when, rather than first determining his total punishment, sentences were imposed on each individual count and then added together. Because the district court did not err when sentencing Esposito, we affirm.

**I**

Jeffrey Esposito sexually assaulted and abused his adopted son from Guatemala for years, beginning when his son was seven or eight years old and ending a couple of years before he turned sixteen. Esposito's crimes were repetitive, shocking, and horrific. In addition to anal and oral penetration, including with objects, the abuse included urinating on, choking, whipping, tying, and putting a collar on the victim. Esposito documented his abuse in videos and photographic images which he shared online on the dark web. He had also downloaded other child pornography—hundreds of thousands of images and videos—by the time he was arrested by federal law enforcement.

Esposito was charged with 20 counts of sexually exploiting a minor, each reflecting a different instance of abuse documented in videos and images taken by the defendant. He was also charged with one count of possessing child pornography. Esposito pleaded guilty without a plea agreement.

In the presentence investigation report, the defendant's offense level was calculated at 51, which defaulted to a maximum of 43 under the Sentencing Guidelines. Esposito had no criminal history. The resulting Guidelines range was life in prison, but none of the crimes of which Esposito was convicted had a statutory maximum of life imprisonment. The probation department recommended that Esposito be imprisoned for 600 years. The government argued for 620 years. The defense suggested 420 months, so Esposito would finish his sentence in approximately 28 years. That length would give Esposito, who is in his mid-fifties, a chance at release from prison near the end of his life.

At the sentencing hearing, the district court explained why it concluded that a de facto life sentence was appropriate for Esposito. Then the court pronounced Esposito's sentences, count by count, imposing six 30-year sentences to be served consecutive to each other, followed by fifteen 20-year sentences to be served concurrent with each other but consecutive to the 30-year sentences. These sentences totaled 200 years in prison.

Esposito now appeals, claiming the district court sentenced him erroneously. He argues the court should have considered his criminal conduct, history, and characteristics as a whole, determined an appropriate overall punishment, and then set the sentences for each count to equal that overall punishment.

## II

### A

The parties dispute the standard of review. At the sentencing hearing, the defendant did not object to the method the court used to arrive at his sentences, although he did seek clarification of the consecutive-versus-concurrent aspect of the sentences and how the 200 years was calculated.

The defendant contends he has raised a procedural challenge, so review is de novo. *See United States v. Ballard*, 950 F.3d 434, 436 (7th Cir. 2020); *United States v. Pennington*, 908 F.3d 234, 238 (7th Cir. 2018). He also argues he had no obligation to object under Federal Rule of Criminal Procedure 51(a), which provides "[e]xceptions to rulings or orders of the court are unnecessary."

The government submits that the plain error doctrine under Federal Rule of Criminal Procedure Rule 52(b) should

apply here. Plain error has three elements: the error (1) has not been intentionally relinquished or abandoned, (2) must be clear or obvious, and (3) must have affected the defendant's substantial rights. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016). We should review for plain error, the government argues, because Esposito was given an opportunity to object at the sentencing hearing but failed to do so.

But contrary to the government's position, a court's general invitation for objections is not enough to show waiver or forfeiture by the defendant. *Id.* As this court concluded in *United States v. Speed*, 811 F.3d 854 (7th Cir. 2016), courts only elicit waiver when they ask specific questions—like whether the defendant is satisfied with the court's treatment of their main arguments in mitigation—not generalized inquiries about whether the defendant was confused or had anything else to say. *Id.* at 857–58; *see also United States v. Mzembe*, 979 F.3d 1169, 1173 (7th Cir. 2020) ("A general invitation for objections or asking, "anything else?" at the end of the hearing is not sufficient, however, to show a waiver of challenges to the sufficiency of an explanation."). Here, the district judge's inquiry, while not completely general, was broad:

> Counsel, do you have any legal objection to the sentence I have proposed or request any further elaboration of my reasons under Section 3553(a) as to the length of imprisonment or as to the length and/or conditions of supervised release [?]

The defense counsel responded by seeking and receiving an explanation of how the court had calculated the consecutive and concurrent sentences to total 200 years imprisonment. Given this colloquy, we do not find waiver or forfeiture.

The defense has the better of this disagreement. Esposito argues the district court erred by determining punishment on each individual count and then adding those terms together to impose a total sentence. In other words, he disputes the way the court pronounced and explained his sentence. This is properly characterized as a procedural error. *Gall v. United States*, 552 U.S. 38, 51 (2007) ("failing to adequately explain the chosen sentence"); *see also Pennington*, 908 F.3d at 238 (challenging the sufficiency of the district court's explanation of its sentencing decision was a procedural error). Esposito claims the district court erred by not adhering to procedure, which as the defendant points out warrants de novo review.

For these reasons, we will review de novo Esposito's challenge to his sentences.

B

Esposito argues the district court should have determined his correct overall punishment and then conformed the sentences on the individual counts to achieve that total. He relies on the text of U.S.S.G. § 5G1.2, which states in relevant part:

(b)      … the court shall determine the total punishment and shall impose that total punishment on each such count, except to the extent otherwise required by law.

…

(d)      If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total

> punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.

Esposito also cites *United States v. De la Torre*, 327 F.3d 605 (7th Cir. 2003), in which the defendant was convicted of several drug and money laundering counts. Initially, a 151-month sentence was imposed for the drug conspiracy and money laundering counts, along with a 60-month concurrent sentence for the distribution of marijuana count. *Id.* at 607. Due to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the maximum sentence for the drug conspiracy counts became only 60 months. The defendant petitioned to change the sentence, arguing that because the 151-month sentence was based on a crime that now had a much lower statutory maximum, it was improper to use the other counts, with lower Guidelines ranges, to achieve a 151-month sentence. *Id.* at 607–08. The court agreed and reduced the defendant's sentence to 71 months on the money laundering counts and 60 months on the drug counts, to be served concurrently. *Id.* The government appealed.

This court reversed the district court in *De la Torre*. We explained that the purpose of the Guidelines is to determine the "total punishment" appropriate for an offender. *Id.* 609–11. The statutory maximum has no bearing in the calculation of the Guidelines range for total punishment. *Id.* This holds true even in cases like *De la Torre,* where that range is based on an offense with a much lower statutory maximum. *Id.* Of course, the sentence for any individual count cannot exceed the statutory maximum for that count, but as § 5G1.2(d) of the Guidelines explains, the sentences for other counts can be set, consecutively as necessary, to achieve the total punishment. *Id.*

*See also United States v. Griffith,* 85 F.3d 284 (7th Cir. 1996) (concerning the same issue as in *De la Torre*).

Esposito's argument here is technical, and it imports a methodology that the Guidelines do not require. If, before delving into imposing sentences count by count, the district court had stated that it thought the correct total punishment was 200 years—rather than merely saying that the correct total punishment was a de facto life sentence—then, per Esposito, the district court would not have erred. After its sentencing remarks, the district court imposed sentences count by count and noted that the total was 200 years. To the defendant, this suggests the court did not come up with the 200-year number first and then set the count-by-count sentences, but did the opposite, setting the count-by-count sentences and then adding them up to total 200 years.

The difficulty with Esposito's argument is that before imposing sentence, the district court effectively determined that Esposito's total punishment should be life imprisonment. The court's sentencing comments evince that it was pronouncing a de facto term of life imprisonment before pronouncing prison terms on each count.

The district court expressly rejected the defendant's request to set his imprisonment based on his 28-year life expectancy, from which we can deduce that the court was contemplating a longer sentence than that. The district court was also alert to this court's directive to be thoughtful when imposing life sentences when the statutes do not provide for them. Still, the district court concluded that the defendant's crimes against this victim—bondage, urination, beating, rape, rape with objects—were so horrific as not to be minimized,

and that Esposito's crimes did not warrant a shorter sentence equal to his life expectancy at the time of sentencing.

The district court further suggested that it was not concerned about the effect a lengthy sentence may have on other defendants contemplating pleading guilty, and the court stated unequivocally that Esposito can never be around children again. So we can conclude that the court meant to impose what is effectively a life sentence. Indeed, at oral argument before us, the defense agreed that the district court made it clear that it wished to impose a de facto life sentence.[1]

Because the highest statutory maximum was less than life in prison, the district court, following § 5G1.2(d), imposed consecutive sentences as necessary to achieve an effective life sentence. So, the district court did not commit any error here.

Esposito would have the district court apply a rigid, two-step sequence that neither 18 U.S.C. § 3553(a) nor the Sentencing Guidelines require. The text of § 5G1.2(b) provides that the court shall determine the total punishment "and" shall impose that total punishment on each such count. That provision does not say "and then" or explicitly set out the calculative process the defendant contends. Rather, § 5G1.2(b) was designed to address a circumstance different than here. This case fits better under § 5G1.2(d), as the defendant presented with no prior criminal history, so without any single count expressly providing for life imprisonment, the court meted out a term of de facto life imprisonment by means of the consecutive and concurrent sentences imposed here.[2]

---

[1] Oral Argument at 7:50.

[2] It also bears noting that in the decision on which Esposito relies, *De la Torre*, the Sentencing Guidelines had to be given much more weight

**III**

We conclude that the district court did not err when imposing Esposito's sentences, so we AFFIRM.

---

than here. 327 F.3d at 609, 611. *De la Torre* predated *United States v. Booker*, 543 U.S. 220 (2005), which struck down the provision of the federal sentencing statute that required sentences to fall within the Sentencing Guidelines range, along with the provision that deprived federal appeals courts of the power to review sentences imposed outside the range. *Id*. at 245.