F I L E D
United States Court of Appeals
Tenth Circuit

APR 9 1997

PATRICK FISHER
Clerk

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

ALEJANDRO CISNEROS-CABRERA,

     Defendant-Appellant.

No. 96-1226

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 95-CR-335-M)**

Michael G. Katz, Federal Public Defender, Denver, Colorado, for Defendant-Appellant.

James C. Murphy, Assistant U.S. Attorney (Henry L. Solano, United States Attorney, with him on the brief), Denver, Colorado, for Plaintiff-Appellee.

Before **PORFILIO, EBEL,** and **HENRY**, Circuit Judges.

**PORFILIO**, Circuit Judge.

Defendant Cisneros-Cabrera appeals his sentence for illegally reentering the United States after deportation following an aggravated felony conviction. He contends imposition of a 16-level sentence enhancement was improper because in the interim between federal indictment and sentencing, the state court invalidated the conviction upon which enhancement was based. We conclude the statute and sentencing guidelines applicable to this specific offense make the vacation of the state conviction irrelevant, and imposition of the enhancement was proper because the state conviction was still valid when Mr. Cisneros-Cabrera reentered the United States. We affirm the judgment of the district court.

In 1995, Mr. Cisneros-Cabrera was charged with illegal reentry after deportation following a conviction for an aggravated felony, a violation of 8 U.S.C. § 1326(a) and (b). While his criminal prosecution on the § 1326 charge was pending in federal court, alleging ineffective assistance of counsel, Mr. Cisneros-Cabrera moved in Mesa County, Colorado District Court to vacate his state conviction for possession with intent to distribute cocaine. The state failed to respond to Mr. Cisneros-Cabrera's motion; therefore, the state court considered the motion "confessed" and vacated the conviction. Nevertheless, the federal court in which the illegal entry charge was pending determined that Mr. Cisneros-Cabrera's conviction would require the imposition of a 16-level sentencing enhancement under Guidelines § 2L1.2, even though the conviction could not be considered in calculating the criminal history score. Mr. Cisneros-Cabrera then pled

guilty to the § 1326 charge, reserving his right to appeal the district court's sentencing determination. He was subsequently given a prison term of 37 months.

On appeal, Mr. Cisneros-Cabrera first argues that because § 1326(b) is a sentence enhancement provision, his state conviction had to be valid at the time of sentencing to be considered under § 2L1.2. In support of this argument, Mr. Cisneros-Cabrera cites various sentence enhancement provisions that exclude from consideration convictions invalid at the time of sentencing, even though they may have been valid at the time of the underlying offense. Mr. Cisneros-Cabrera also distinguishes 18 U.S.C. § 922(g)(1), which requires a valid conviction only at the time of commission of the offense because a conviction under that statute is an element of the offense, rather than a sentence enhancement provision. Next, Mr. Cisneros-Cabrera argues U.S.S.G. § 4A1.2, which explicitly bars the consideration of convictions vacated on constitutional grounds for the purposes of determining criminal history, should control the meaning of the term "conviction" under § 2L1.2, which is silent on this issue, because both provisions increase the punishment given to individuals considered more dangerous to society. Finally, Mr. Cisneros-Cabrera argues the state court's order vacating his conviction constitutes a determination on the merits that his conviction was constitutionally invalid. He therefore claims the district court erred in considering it under § 2L1.2.

In response, the government argues the district court's imposition of a 16-level sentence enhancement under § 2L1.2 was proper because Mr. Cisneros-Cabrera stood

convicted of an aggravated felony when he reentered the United States. According to the government, the unique chronological relationship explicitly stated in § 1326(b)(2) distinguishes this provision from most other penalty enhancements, making it more akin to § 922(g)(1). The government argues that like § 922(g)(1), § 1326(b)(2) is triggered by the mere fact of conviction at the time of the offense conduct--not its reliability. Alternatively, the government argues under § 4A1.2, Mr. Cisneros-Cabrera's conviction was not constitutionally invalid because the state's order to vacate was based on procedural grounds, rather than a determination on the merits.

We review a district court's interpretation of the Sentencing Guidelines de novo. *United States v. Garcia*, 42 F.3d 573, 575 (10th Cir. 1994). Applying this standard, we agree with the conclusion of the district court that for the purposes of the offense charged here, the controlling circumstances applicable to sentencing are those which existed at the time Mr. Cisneros-Cabrera reentered the United States.

Our interpretation of a statutory provision must start with the text of the statute itself. *See* **G.R. Dickerson v. New Banner Inst., Inc.**, 460 U.S. 103, 110 (1983); **Lewis v. United States**, 445 U.S. 55, 60 (1980). "If the language is unambiguous, ordinarily it is to be regarded as conclusive unless there is 'a clearly expressed legislative intent to the contrary.'" **G.R. Dickerson**, 460 U.S. at 110 (citations omitted). In this case, analysis begins with the text of 8 U.S.C. § 1326(b)(2), a penalty enhancement provision that authorizes increased maximum sentences for certain aliens who illegally reenter the

United States after deportation, a violation of § 1326(a).  *See **United States v. Valdez***, 103 F.3d 95 (10th Cir. 1995) (construing § 1326(b) as sentence enhancement provision). Under § 1326(b)(2), an alien "whose deportation was subsequent to a conviction for commission of an aggravated felony" may receive up to 20 years' imprisonment. Guidelines § 2L1.2(b)(2) implements this penalty enhancement provision, requiring a 16-level sentence increase "[i]f the defendant previously was deported after a conviction for an aggravated felony."  U.S.S.G. § 2L1.2(b)(2).

Given the clarity of 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2(b)(2), the district court's consideration of Mr. Cisneros-Cabrera's vacated state conviction to enhance his sentence was appropriate.  Mr. Cisneros-Cabrera does not deny he was deported after a conviction for an aggravated felony, and under § 2L1.2(b)(2), no more is required.  Thus, while true most other sentence enhancement provisions consider only those convictions valid at the time of sentencing, in this case, the relevant time frame for determining whether the sentence enhancement should apply is specifically provided by statute.  Based on the text of § 2L1.2(b)(2), Mr. Cisneros-Cabrera triggered the 16-level sentence increase when he was deported after his aggravated felony conviction.  Of course, the sentence enhancement provision of § 1326(b)(2) did not come into play until Mr. Cisneros-Cabrera later reentered the United States illegally, violating § 1326(a).

Contrary to Mr. Cisneros-Cabrera's contentions, this conclusion is only bolstered by the fact other sentence enhancement provisions explicitly exclude from consideration

those convictions subsequently vacated or reversed on constitutional grounds. Most

notably, Application Note 6 to Guidelines § 4A1.2 bars the consideration of convictions

that "have been ruled constitutionally invalid" for the purposes of determining a

defendant's criminal history count. Other Guidelines provisions impose the same

restriction by cross-referencing § 4A1.2 in determining which convictions to count for

particular sentence enhancements. *See, e.g.*, § 2K2.1, n.5 (firearms-related offenses);

§ 4B1.2, n.4 (career offender enhancement). Section 2L1.2, however, makes no such

cross-reference. To the contrary, it mandates that any enhancement under its provisions

"applies ***in addition*** to any criminal history points added" under § 4A1.2. § 2L1.2, n.5

(emphasis added). Thus, rather than incorporating § 4A1.2's limitations, § 2L1.2 makes

clear the two enhancement provisions are distinct. That being the case, application of the

§ 4A1.2 limitation to § 2L1.2(b)(2) would be contrary to that provision's text.

Although agreeing the language of § 2L1.2(b)(1) dictates an affirmance of the

district court, we eschew the government's analogy of § 1326(b) to 18 U.S.C. § 922(g)(1),

which prohibits the possession of a firearm by convicted felons. Initially, the government

is correct in arguing that under ***Lewis v. United States***, 445 U.S. 55 (1980), a defendant

need only to have had a valid conviction at the time of possessing a firearm to be culpable

under that statute. *Id.* at 64-65 (construing 18 U.S.C. § 1202(a)(1) but recognizing

applicability of ruling to § 922(g)(1)). Thus, the mere fact of a felony conviction is

enough to satisfy the conviction element of § 922(g)(1), regardless of its ultimate

reliability. *Id.* at 67. *See also* **United States v. Mayfield**, 810 F.2d 943 (10th Cir. 1987) (though court of underlying conviction was later found to have lacked jurisdiction over defendant, conviction element of offense was met at time of firearms possession). When it comes to sentencing under § 922(g)(1), however, just the opposite is true. Under Guidelines § 2K2.1, a defendant's base offense level is determined without regard to convictions invalidated on constitutional grounds. § 2K2.1, n.5 (referencing § 4A1.1). Thus, while a subsequently vacated conviction would not relieve a defendant of liability under § 922(g)(1), it would reduce the sentence. Because § 1326(b) is a sentence enhancement provision rather than an element of the offense, the difference is dispositive.

**AFFIRMED**.