**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 12 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JUAN DIEGO ANGULO-
VALENZUELA,

    Defendant-Appellant.

No. 00-1135
(D. Colo.)
(D.Ct. No. 99-CR-367-D)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Juan Diego Angulo-Valenzuela, appearing *pro se* and through *Anders* counsel,[1] appeals the sentence the district court imposed following his guilty plea. We exercise our jurisdiction under 28 U.S.C. § 1291 and affirm.

A grand jury indicted Mr. Angulo-Valenzuela for illegal entry of an alien into the United States after deportation in violation of 8 U.S.C. § 1326(a), which requires a maximum of two years imprisonment. The government then filed a notice of sentence enhancement under 8 U.S.C. § 1326(b)(2), which sets a maximum sentence of twenty years imprisonment for illegal entry after an aggravated felony conviction committed prior to deportation. The government noted Mr. Angulo-Valenzuela qualified for a sentence enhancement under § 1326(b)(2) because he received a state conviction for his possession of marijuana with intent to distribute prior to his deportation. Mr. Angulo-Valenzuela subsequently pled guilty to the indictment, acknowledging the applicability of both § 1326(b)(2) and United States Sentencing Guideline

---

[1] *See Anders v. California*, 386 U.S. 738, 744 (1967) (requiring counsel who finds an appeal wholly frivolous to advise the court, request permission to withdraw, and provide an accompanying brief referring to anything in the record that might arguably support the appeal.) Accordingly, Mr. Angulo-Valenzuela's appellate attorney requested permission to withdraw as counsel and provided a brief outlining Mr. Angulo-Valenzuela's claims and noting Mr. Angulo-Valenzuela's appeal was without merit and frivolous.

(U.S.S.G.) § 2L1.2, which requires a sixteen-level increase in the base offense level for an aggravated felony committed prior to deportation. Prior to sentencing, a probation officer issued a Presentence Investigation Report, which recommended: 1) applying a base offense level of 8 for a violation of 8 U.S.C. § 1326(a) and (b)(2); 2) enhancing the offense level by sixteen levels under U.S.S.G. § 2L1.2(b)(1)(A) because Mr. Angulo-Valenzuela was deported after conviction for an aggravated felony; and 3) reducing the offense level by three levels under U.S.S.G. § 3E1.1(a) and (b) for acceptance of responsibility. Based on a resulting offense level of 21 and a criminal history category of III, the probation officer recommended a sentence of forty-six months. In the presentence report, the probation officer stated there were no known factors warranting departure. Mr. Angulo-Valenzuela made no objection to the Presentence Investigation Report. Following the sentencing hearing, the district court applied the probation officer's recommended calculations and sentenced Mr. Angulo-Valenzuela to forty-six months imprisonment. The district court found no reason to depart from the guidelines range.

On appeal, Mr. Angulo-Valenzuela's counsel acknowledges Mr. Angulo-Valenzuela's sentence "was not imposed in violation of law or as a result of an incorrect application of the sentencing guidelines." In so doing, counsel points

out Mr. Angulo-Valenzuela agreed in his plea agreement to the sentencing guideline calculations applied by the probation officer and district court. In response, Mr. Angulo-Valenzuela filed his own *pro se* brief, asserting: 1) his Colorado state felony conviction is not an "aggravated felony" for the purpose of a sixteen-level enhancement under U.S.S.G. § 2L1.2; 2) the statutes under which the district court convicted and sentenced him – 8 U.S.C. § 1326(a) and (b)(2) – are ambiguous; 3) his trial counsel should have established, after a thorough investigation of the relevant facts and law, that application of the rule of lenity is warranted with respect to the penalty provided under § 1326(b)(2); 4) his trial counsel failed to file a motion for, and the district court failed to apply, a downward departure under U.S.S.G. § 5K2.0; and 5) his trial counsel "should have [been] aware of the disparity among districts to file for a reduction of sentence." Although Mr. Angulo-Valenzuela raises these issues as grounds for appeal, he fails to provide any discussion or authority supporting them.

Generally, we review the district court's factual findings for clear error and its application of the Sentencing Guidelines *de novo*. *See United States v. Roberts*, 185 F.3d 1125, 1144 (10th Cir. 1999), *cert. denied*, 120 S. Ct. 1960 (2000). However, because Mr. Angulo-Valenzuela did not raise any of his sentencing issues prior to sentencing, we apply a plain error standard of review.

*See United States v. Massey*, 48 F.3d 1560, 1568 (10th Cir.), *cert. denied*, 515 U.S. 1167 (1995). In addition, an appeal which advances no reasoned argument or legal authority is considered insufficient and therefore, we many deem the unsupported issues waived. *See United States v. Hardwell*, 80 F.3d 1471, 1492 (10th Cir. 1996).

We begin by noting Mr. Angulo-Valenzuela fails to support any of the issues raised on appeal with a reasoned argument or legal authority. This alone is sufficient reason to dismiss his appeal. *See Hardwell*, 80 F.3d at 1492. However, even if we consider the issues Mr. Angulo-Valenzuela raises, his appeal must nevertheless fail.

First, it is well established a state felony conviction for possession of a controlled substance constitutes an aggravated felony for purposes of 8 U.S.C. § 1326(b)(2). *See United States v. Lugo*, 170 F.3d 996, 1006 (10th Cir. 1999); *United States v. Valenzuela-Escalante*, 130 F.3d 944, 945-47 (10th Cir. 1997); *United States v. Cabrera-Sosa*, 81 F.3d 998, 999-1000 (10th Cir.), *cert. denied*, 519 U.S. 885 (1996). Thus, Mr. Angulo-Valenzuela's state conviction for possession of marijuana with intent to distribute is an "aggravated felony." *Id.* Consequently, the district court did not error in applying either 8 U.S.C.

§ 1326(b)(2) or U.S.S.G. § 2L1.2(b)(1)(A), which both prescribe a sentence enhancement for a previous deportation after an aggravated felony conviction. *See* 8 U.S.C. 1326(b)(2); U.S.S.G. § 2L1.2(b)(1)(A); *see also United States v. Cisneros-Cabrera*, 110 F.3d 746, 748 (10th Cir.), *cert. denied*, 522 U.S. 969 (1997).

Second, we have determined that both 8 U.S.C. §§ 1326(a) and 1326(b)(2), as well as U.S.S.G. § 2L1.2, are not ambiguous. *See Cisneros-Cabrera*, 110 F.3d at 747-48 (discussing § 1326(b)(2) and § 2L1.2); *United States v. Meraz-Valeta*, 26 F.3d 992, 996-97 (10th Cir. 1994) (considering § 1326(a)). As a result, Mr. Angulo-Valenzuela's argument that both these statutes are ambiguous is clearly meritless.

We next turn to Mr. Angulo-Valenzuela's contention his trial counsel failed to raise the rule of lenity, argue for a downward departure, or somehow acknowledge the "disparity among districts to file for a reduction of sentence." To the extent Mr. Angulo-Valenzuela is claiming ineffective assistance of counsel, we have held "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal." *United States v. Boigegrain*, 155 F.3d 1181, 1186 (10th Cir. 1998) (quotation marks and citation

omitted), *cert. denied*, 525 U.S. 1083 (1999). Only in the very rare instance when an ineffective assistance claim is fully developed in the record, will we hear it for the first time on appeal. *Id.* In this case, our review of the record and Mr. Angulo-Valenzuela's failure to discuss the issues leads us to conclude the record is not fully developed for the purpose of considering his ineffective assistance of counsel claims on direct appeal.

In the event Mr. Angulo-Valenzuela is not attempting to raise ineffective assistance of counsel claims, his arguments nevertheless lack merit. First, we have already rejected the same argument that the enhanced penalty assessed under 8 U.S.C. § 1326(b) and U.S.S.G. § 2L1.2(b) should be given a more lenient interpretation under the rule of lenity. *See United States v. Frias-Trujillo*, 9 F.3d 875, 878 (10th Cir. 1993). Second, if Mr. Angulo-Valenzuela is asserting his sentence is somehow disparate with other defendants with similar records and guilty conduct, he fails to cite to any facts in the record or elsewhere supporting a disparity of sentence argument. *See United States v. Contreras*, 108 F.3d 1255, 1271 (10th Cir.), *cert. denied*, 522 U.S. 839 (1997). Finally, we lack jurisdiction to address Mr. Angulo-Valenzuela's assertion the district court improperly failed to apply a downward departure. We have held that "[a]bsent the trial court's clear misunderstanding of its discretion to depart, or its imposition of a sentence which

violates the law or incorrectly applies the guidelines, we have no jurisdiction to review a refusal to depart" downward. *United States v. Saffo*, 227 F.3d 1260, 1271 (10th Cir. 2000). Because Mr. Angulo-Valenzuela fails to show the district court misunderstood its discretion to depart downward, or that it improperly applied the law or guidelines in sentencing him, we lack jurisdiction to consider the district court's refusal to depart downward.

For these reasons, we grant Mr. Angulo-Valenzuela's counsel permission to withdraw, and **AFFIRM** Mr. Angulo-Valenzuela's sentence and conviction.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge