**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4674**

———————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

YOMAR MORAN-ROSARIO, a/k/a Yomar Rosario, a/k/a Antonio
Moran, a/k/a Eliezer Maldonado-Cabrera,

               Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Deborah K. Chasanow, Chief District
Judge. (8:10-cr-00221-DKC-1)

———————

Submitted: December 30, 2011     Decided: February 16, 2012

———————

Before NIEMEYER, KEENAN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Richard S. Basile, Greenbelt, Maryland, for Appellant. Rod J.
Rosenstein, United States Attorney, Jonathan C. Su, Assistant
United States Attorney, Greenbelt, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yomar Moran-Rosario pled guilty to illegal reentry after deportation following conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006), and was sentenced below the Guidelines range to a term of thirty months' imprisonment. Moran-Rosario appealed his sentence, contending that the district court erred in making a 16-level increase under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) (2010), based on a prior drug conviction which had been vacated. We affirm.

The district court's legal interpretation of a Guideline is reviewed de novo. United States v. Montgomery, 262 F.3d 233, 250 (4th Cir. 2001). As he did in the district court, Moran-Rosario relies on United States v. Mejia, 278 F. Supp. 2d 55 (D. Mass. 2003). In Mejia, the defendant's prior drug conviction had been vacated for insufficient evidence. Mejia, 278 F. Supp. 2d at 56. The Massachusetts district court reasoned that such a vacated conviction could not support an enhancement under § 2L1.2 without violating due process. Id. at 62. The court also noted that the commentary to USSG § 4A1.2 barred a conviction ruled invalid for constitutional reasons from being counted in the defendant's criminal history or used to increase his offense level for a firearms offense under USSG § 2K2.1. Id. at 61. The court decided that the commentary to

2

§ 2L1.2 "suggest[ed] the same approach." Id. Further, the court decided that the relevant time period is the time of sentencing for the illegal reentry offense, not the time of the illegal reentry as urged by the government. Id. at 57.

However, Mejia is not helpful to Moran-Rosario and the weight of circuit authority is contrary to his position. First, the circuits that have addressed the issue have all held that, where a prior conviction that qualifies for an enhancement under § 2L1.2(b)(1)(A) has been vacated or reduced to a non-qualifying conviction, the relevant time for determining whether a prior conviction qualified for enhancement is the date of the defendant's deportation rather than the date of his sentencing for illegal reentry. See United States v. Salazar-Mojica, 634 F.3d 1070, 1073-74 (9th Cir.) (felony reduced to misdemeanor), cert. denied, 132 S. Ct. 348 (2011); United States v. Orduno-Mireles, 405 F.3d 960, 962 & n.1 (11th Cir. 2005) (although prior conviction vacated, relevant time was time of deportation); United States v. Garcia-Lopez, 375 F.3d 586, 588 (7th Cir. 2004) (same); United States v. Luna-Diaz, 222 F.3d 1, 4 (1st Cir. 2000) (same); United States v. Campbell, 167 F.3d 94, 98 (2d Cir. 1999) (conviction set aside when probation term completed); United States v. Cisneros-Cabrera, 110 F.3d 746, 748 (10th Cir. 1997) (conviction vacated). When Moran-Rosario was

3

deported in 2008, he had the requisite qualifying felony drug trafficking conviction.

As the district court noted in Mejia, 278 F. Supp. 2d at 62, the First Circuit in Luna-Diaz recognized that its decision did not address "a prior conviction vacated as a result of constitutional infirmity, egregious error of law, or determination of innocence," and did not exclude the possibility that a § 2L1.2(b) enhancement based on such a conviction "might in some limited circumstances raise constitutional due process concerns." 222 F.3d at 6 n.5. Moran-Rosario has not established that any of these factors is present in his case. Thus, to the extent that he relies on Padilla v. Kentucky, 130 S. Ct. 1473 (2010) (holding that failure to advise defendant that guilty plea would subject him to automatic deportation was ineffective assistance), his claim is unsupported by the record, which does not disclose the reason his conviction was vacated.

Moreover, despite Mejia's focus on the commentary to § 4A1.2 as a basis for barring consideration of a vacated conviction under § 2L1.2(b), Cisneros-Cabrera held that § 2L1.2 does not import this limitation from § 4A1.2. Cisneros-Cabrera, 110 F.3d at 748. Although Application Note 1(B)(vii) and Application Note 4 to § 2L1.2 cross reference to § 4A1.2, they do so only with respect to the meaning of "sentence imposed" and "three or more convictions." Thus, Moran-Rosario's reliance on

4

United States v. Reinoso, 350 F.3d 51 (2d Cir. 2003), is misplaced. The Second Circuit was concerned in that case with whether, under its precedent governing a state youthful offender adjudication, United States v. Driskell, 277 F.3d 150 (2d Cir. 2002), the defendant's adult New York armed robbery conviction could be considered to calculate his offense level for illegal reentry although the robbery conviction was vacated when he was adjudicated a youthful offender. Reinoso does not hold, as Moran-Rosario asserts, that there is in general no distinction between the criminal history calculation and the offense level calculation in applying the sentencing Guidelines.

We conclude that, in light of these decisions, the district court did not err in applying the enhancement based on Moran-Rosario's prior drug-trafficking conviction even though it had been vacated.[*] We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Guidelines section 2L1.2(b)(1)(A) was recently amended to clarify this issue and now provides for a 12-level increase if a prior qualifying conviction is not counted in the defendant's criminal history. See Amendment 754, eff. Nov. 1. 2011. Amendment 754 is not retroactive. See USSG § 1B1.10(c).

5